UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FICKLIN, | No. 2:16-cv-2923 CKD P |
| Petitioner, | |
| v. | ORDER |
| J. PRICE, | |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of 42-years-to-life imprisonment imposed in 1981 for crimes including first degree murder. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Petitioner has filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner requests appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

1

In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted the required review.

Petitioner challenges the fact that in 2014, he was denied parole for five years. Essentially, petitioner asserts there is not sufficient evidence to support the denial. In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court found that prisoners being considered for parole under California law have a right arising under the Due Process Clause of the Fourteenth Amendment to be heard at their parole proceedings and are to be provided with a statement of reasons for denial of parole. Id. at 220. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at 220-222.[1]

Because it is plain that petitioner is not entitled to any relief authorized in a federal habeas action, petitioner's application for writ of habeas corpus will be summarily dismissed, and this case will be closed.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 9) is granted;

2. Petitioner's request for the appointment of counsel is denied;

3. Petitioner's petition for a writ of habeas corpus is summarily dismissed;

4. This case is closed; and

/////

/////

/////

---

[1] The court notes that plaintiff has a right arising under California law to have any decision denying him parole be supported by at least "some evidence." In re Lawrence, 44 Cal.4th 1181, 1212 (2008). Petitioner's avenue of recourse with respect to violations of California law lies within California's courts because federal habeas relief cannot be based upon a violation of state law. See 28 U.S.C. § 2254(a).

    5. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: January 11, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
fick2923.114(p)